SCHOTT, Chief Judge.
Plaintiff was injured when he was struck by a backhoe machine operated by Ted Jordan. At the time, plaintiff was asleep on a mattress in a vacant lot being cleared by Jordan. A jury returned a verdict in plaintiffs favor against Jordan, TMH Corporation, its insurer, United States Fidelity & Guaranty Insurance Company (USF & G), and Mrs. Theone Halpern, the owner of the lot. On a motion for judgment not withstanding the verdict, the trial court dismissed plaintiffs suit against TMH, USF & G and Theone Halpern, and plaintiff has appealed. The issues are whether the record supports the jury’s finding that Jordan was TMH’s employee and whether it provides a basis for the liability of the owner of the lot.
Alvin Halpern and his wife operated a hotel at Prytania and Terpsichore Streets in New Orleans. They also operated TMH, a construction company. Theone Halpern owned property adjacent to the hotel where there were two burned out buildings and an adjacent empty lot. The Halperns decided to expand the hotel onto this property with TMH as the general contractor for the project. The first phase of the work was the demolition of the burned out buildings and the clearing of the property, including the vacant lot.
TMH’s only employees were Alvin and Theone Halpern, a superintendant and a clerical worker; it had no trucks or earth moving equipment. Thus, it contracted with S. Collins of Disposal Services, Inc. to perform the demolition and clearing for a set price per load of debris hauled from the site and per hour for the machinery and operator used on the job. On Sunday morning, July 31, 1983, Ted Jordan was to clear the vacant lot with a backhoe machine. He was accompanied by Frederick Burse, a dump truck operator. Alvin Hal-pern met them at the site, gave Jordan general directions with respect to the job, and left. About two hours later Halpern was notified that plaintiff was injured.
Plaintiff had an argument with his wife the night before, he went to a bar where he drank a considerable amount of alcoholic beverages, and he decided to sleep on a mattress hidden by weeds and foliage in Theone Halpern’s lot. He had used these accomodations previously and said others *23 had done likewise in the past. He woke up when he was struck and dragged by the backhoe machine.
Jordan did not testify, but Burse, the dump truck operator, did by deposition. He stated that he was hired by Jordan and was paid by checks signed by Jordan for the “Jordache” Construction Company.
In this court, plaintiff argues that the trial judge erred because he used the wrong standards in considering whether TMH was vicariously liable for Jordan’s tort and in deciding the motion for directed verdict. He bases this argument on the instruction the court gave the jury. This instruction incorporated principles and definitions derived from the law of worker’s compensation on statutory employees and principals. Plaintiff is absolutely correct in his assertion that these principles are irrelevant and inapplicable to this case. While the trial court erred in giving the instructions, however, it does not follow that the court erred in granting the motion for judgment notwithstanding the verdict.
The liability of TMH in this case depends entirely on whether Jordan was its employee under LSA C.C. Art.. 2320, as opposed to being the employee of an independent contractor. The relationship of principal and independent contractor exists when these conditions are met: there is a valid contract between the parties, the work being done is of an independent nature such that the contractor may employ non-exclusive means to accomplish it, the contract calls for specific work to be done according to the contractor’s methods without being subject to the control and direction of the principal except as to the result of the services, there is a specific price for the work, specific time and duration is agreed upon and the relationship is not subject to termination at the will of either side without liability for a breach. Smith v. Zellerbach, 486 So.2d 798, 801 (La.App. 1 Cir.1986), writ denied 489 So.2d 246 (La.1986).
The record shows that all these conditions were met. There was a contract between TMH and Collins to clear the lot; Collins subcontracted with Jordan’s corporation to do the work, TMH’s Halpern met Jordan to get him started but left the methodology entirely up to Jordan; there was a specific price expressed in terms of so much per dump truck load and so much per hour for the backhoe and operator; the work was to be done in one day; and, the contract was not subject to termination at will. The most important question is whether control over the work is reserved to the employer; and in applying this test the question is not whether supervision and control is actually exercised but whether, from the nature of the relationship, the right to supervise and control exists. Hickman v. Southern Pacific Transport Company, 262 La. 102, 262 So.2d 385, 391 (1972).
Halpern’s testimony on these facts was clear and in no way contradicted. He made a contract with Collins to do the clearing. Collins decided how many men and what equipment were needed to perform the task. Once he got Jordan started Halpern left the site and turned his attention to other matters. He didn’t expect to have anything more to do with Jordan. He testified that had he been dissatisfied with Jordan and Burse, he did not feel that he was free to put them off the job but that he would have contacted Collins about them.
Contrary to plaintiff’s assertions, we see no support for his position in the Hickman case. There Fowler, the truck driver, was subject to close control by Southern Pacific all day and every day. In addition, Fowler was subject to termination any time his services were unsatisfactory. The facts of this case are strikingly dissimilar to those of the instant case. We conclude that the jury’s conclusion that Jordan was the employee of TMH is not only manifestly erroneous but is clearly inconsistent with applicable law.
As to Theone Halpern’s liability as the owner of the lot, the record provides no basis for such. Contrary to plaintiff’s argument, C.C. art. 2317, which makes one responsible for injury caused by a defective thing he owns, has no application here. There is no defective thing. She owned an *24 empty lot. Plaintiffs injury was not the result of any defect in it such as a hole or a trap. It was the result of his own negligence (10% according to the jury) and that of Jordan. It resulted from the combined acts of plaintiff in going to sleep in a place where he was hidden and where he could suffer injury and of Jordan in failing to see him.
Neither is there any liability on Theone Halpern based upon art. 2315 negligence. She had a perfect right to employ a contractor to prepare the site for construction of the hotel addition. She was under no duty to see if the lot was clear of a hidden sleeping trespasser before the independent clearing .contractor began his work.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.