BYRNES, Judge.
The office of Employment Security and the Louisiana Department of Revenue appeal the trial court’s decision that oyster shuckers provided by Ank Thu were independent contractors and not employees of Fox Industries. We affirm.
Fox Industries (“Fox”) is a Louisiana corporation engaged in handling, processing, and shipping food products, including oysters. Fox employed enough workers to perform the usual tasks of its industry, including shucking the incoming oysters for outgoing shipment. However, at peak times Fox would contract out for additional employees for oyster shucking from a service specializing in that needed area, such as Ank Thu.
Ank Thu employed non-English speaking Vietnamese who were utilized throughout the plants in southeast Louisiana. Ank Thu supervised her employees and was present at their job sites as Fox was unable to communicate with them. Fox did not use Ank Thu’s employees for purposes other than oyster shucking. Ank Thu employees provided their own tools, including aprons, boots, hammers, gloves, and shuck-er knives. Fox paid Ank Thu’s employees directly per sack of oysters shucked.
The Office of Employment Security (the “Department”) contended that the employees were not independent contractors, and thus were subject to the applicable employ *1095 ment taxes. On November 8, 1989 and May 9, 1990, administrative hearings were held. On November 21, 1989 and June 5, 1990, the administrative hearing judge ruled that the shuckers were employees of Fox. Fox appealed that decision to the district court. The trial court concluded that Ank Thu was engaged in an independent business, and that its workers were not used in the usual course of Fox’s business. From that decision the Department appeals.
The Department contends that the trial court erred in classifying the employees as independent contractors and not employees of Fox. LSA-R.S. 23:1472(12)(E) states:
Service performed by an individual for wages or under any contract of hire, written or oral, express or implied, shall be deemed to be employment subject to this Chapter unless and until it is shown to the satisfaction of the administrator that:
I. such individual has been and will continue to be free from any control or direction over the performance of such services both under his contract and in fact; and
II. such service is either outside the usual course of business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and
III. such individual is customarily engaged in an independently established trade, occupation, profession or business.
In its reasons for judgment, the trial court determined that Fox did not exercise the necessary control or direction over the performance of Ank-Thu’s shuckers to establish an employer-employee relationship. The trial court looked towards the Department’s suggested guidelines for determining whether an individual is an employee of a business. These guidelines are stated in the Federal Employment Tax Regulations 31.3121(d)-l(c):
(c) Common law employees. (1) Every individual is an employee if under the usual common law rules the relationship between him and the person for whom he performs services is the legal relationship of employer and employee.
(2) Generally such relationship exists when the person for whom services are performed has the right to control and to direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. In that connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work to the individual who performs the services. In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor. An individual performing services as an independent contractor is not as to such services an employee under the usual common law rules. Individuals such as physicians, lawyers, dentists, veterinarians, construction contractors, public stenographers, and auctioneers engaged in the pursuit of an independent trade, business, or profession, in which they offer their services to the public, are independent contractors and not employees.
(3) Whether the relationship of employer and employee exists under the usual common law rules will in doubtful cases be determined upon an examination of the particular facts of each case. (Emphasis added.)
The department listed twenty factors drawn from IRS revenue rulings for determining if an employer-employee relationship existed in contrast to an independent contractor relationship. These factors are:
*1096 1. instructions (which includes the right to comply).
2. training.
3. integration (of services into business operations, which generally show right of control and direction. The continuation of business depends to an appreciable degree upon such services).
4. services rendered personally (which shows that the employer is interested in the methods to accomplish the work).
5. hiring, supervising & paying assistants (if the employer hires and pays assistants, this factor shows control).
6. continuing relationship (which may also exist where performed work is at frequently recurring, although irregular, intervals).
7. set hours of work.
8. full time requires.
9. doing work on employer’s premises (which would suggest control).
10. order or sequence set.
11. oral or written reports.
12. payment by hour, week, month.
13. payment of business/travel expenses.
14. furnishing of tools/materials.
15. significant investment (lack of investment in facilities indicated dependence and the existence of an employer-employee relationship).
16. realization of profit/loss.
17. working for more than one firm at a time (which would indicate an independent contractor status).
18. making service available to general public.
19. right to discharge (an independent contractor cannot be fired as long as specified results are produced).
20. right to terminate (if the worker can end his relationship at anytime without liability, the relationship is that of employer-employee).
Louisiana jurisprudence contains factors similar to those suggested by the Department. “Factors to be considered in deciding whether the employee relationship exists are the right of control and supervision, selection and engagement, payment of wages and power of dismissal.” Harvey v. Travelers Insurance Co., 487 So.2d 106, 109 (La.App. 4th Cir.1986). “The word ‘servant’ does not exclusively denote a person rendering manual labor; rather, it includes anyone who performs continuous service for another and whose physical movements are subject to the control or right to control of the other as to the manner of performing the service.” Ermert v. Hartford Insurance Co., 559 So.2d 467, 476 (La.1990). “The most important question is whether control over the work is reserved to the employer; and in applying this test the question is not whether supervision and control is actually exercised but whether, from the nature of the relationship, the right to supervise and control exists.” Howlett v. Halpem, 559 So.2d 21, 23 (La.App. 4th Cir.1990), writ denied 561 So.2d 120 (La.1990). An independent contractor is one who renders service in the course of an occupation representing the will of his employer only as to the result and not as to the means by which it is accomplished. Civello v. Johnson, 567 So.2d 643 (La.App. 4th Cir.1990), writ denied 569 So.2d 987 (La.1990).
The trial court found that Fox was only interested in the result accomplished by the oyster shuckers provided by Ank-Thu. Fox paid Ank-Thu’s shuckers directly, but did not pay them a wage. Instead Fox paid them a contracted amount per sack shucked. Fox was interested in the quality of the completed work, but not as to the method used to complete the work, other than the safety regulations required by law. Ank-Thu’s shuckers provided their own tools. Ank-Thu, and not Fox, provided the training to the shuckers. The shuckers were personally supervised by Ank-Thu. Fox was unable to communicate with Ank-Thu’s employees because they spoke little English. Considering the entire record, we cannot find the trial court committed manifest error in finding the employees to be under the control of Ank- *1097 Thu, and not Fox. Therefore, the trial court did not err in finding the oyster shuckers were employees of Ank-Thu and not Fox.
For the foregoing reasons, we affirm the ruling of the trial court.
AFFIRMED.
PLOTKIN, J., dissents.